**RITA, INC., Plaintiff,**

v.

**FLANDREAU SANTEE SIOUX TRIBE; William Schumacher; George Allen, Jr.; Gordon E. Jones, Jr.; Cheryl Redearth and Joann Sundermeyer, as Members of the Flandreau Santee Sioux Tribal Council, Defendants.**

**Civ. No. 92–4136.**

United States District Court, D. South Dakota, S.D.

Sept. 4, 1992.

---

Joseph M. Butler, Daniel F. Duffy, Rapid City, S.D., for plaintiff.

Kurt Bluedog, Bloomington, Minn., Albert C. Jones, Tribal Atty., Flandreau Santee Sioux Tribe, Flandreau, S.D., for defendants.

Michael Abourezk, Gregory, S.D., for applicant-intervenors.

JOHN B. JONES, Chief Judge.

The parties entered into a Management Agreement for the conduct of Class III gaming on the defendant's reservation on March 7, 1991. Pursuant to the agreement, plaintiff made a cash payment to the defendant and purchased the gaming assets of a prior casino management company.

Following a change in tribal government, plaintiff was advised that because the agreement had not been approved by the Bureau of Indian Affairs, plaintiff and its officers and employees were going to be removed from any association with the casino and the operation of the casino would be taken over by the Tribe.

Plaintiff brought this action to enforce the terms of the agreement and sought an Ex Parte Motion for Temporary Restraining Order against the tribe. The Court concluded that the matter should not be heard ex parte, and after notice, a hearing on the TRO request was heard on August 28, 1992.

## JURISDICTION

■ Defendant questions the jurisdiction of the Court to consider this dispute.

The agreement provides in Article 22 that "All litigation must be brought exclusively in the United States District Court for the District of South Dakota, in Sioux Falls, South Dakota unless such Federal court properly determines in accordance with applicable law that it does not have subject matter jurisdiction ..."

The Indian Gaming Regulatory Act provides at 25 U.S.C. § 2714 for judicial review of final agency decisions in the appropriate Federal district court. This Court also has jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

Because this action involves construing federal laws and the agreement between

the parties, this Court has subject matter jurisdiction over the dispute, and jurisdiction over the parties.

## MOTION TO INTERVENE

█ Duane Ross, Allen Ross, Sandra Fleury and Peggy Geffre have made a Motion to Intervene herein.

These parties are plaintiffs in an action against defendant, CIV 91–4186, relating to the payment of per capita payments to some but not all tribal members. They are also plaintiffs in an action against the plaintiff, CIV 92–4129, which seeks to assert the same positions taken by defendant herein.

These parties, who are members of defendant tribe, have neither made nor attempted to make any showing that their interests as tribal members are not being adequately represented by the tribe. Their position as outlined in their brief takes the same positions as those taken by the tribe. *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861 (8th Cir. 1977); *Stadin v. Union Electric Co.*, 309 F.2d 912, 919 (8th Cir.1962); 3B *Moore's Federal Practice* ¶ 24.07[4] at 24, 74–75 (footnotes omitted).

Applicant–Intervenors have failed to establish an essential element required to justify intervention. I conclude that for the purposes of the pending motion that the motion to intervene should be denied without prejudice to the right of these parties to seek to have their action consolidated with this action at some time in the future.

## FACTS

Defendant and the State of South Dakota entered into a Gaming Compact on June 29, 1990, which was approved by the Secretary of the Interior on July 26, 1990.

Defendant Tribe entered into an agreement with the Royal Hunter Corporation to set up and manage a gaming casino. The Royal River Casino was established and began operating. After a tribal election which resulted in new tribal officials being elected, the Tribe and the former manager engaged in litigation in tribal and state court and in this court, CIV 90–4188 and 91–4006. All cases were dismissed after this plaintiff bought out the interest of Royal Hunter and entered into a new agreement with defendant.

Pursuant to the written agreement, the plaintiff paid the defendant $825,000 for the exclusive right to manage the gaming casino, and purchased the assets of the former manager for $3,470,558. Plaintiff has operated the Royal River Casino for approximately 18 months, during which the casino has made profits of approximately $10,000,000, of which the Tribe received 60% and the plaintiff 40%.

The parties contemplated that the agreement required approval of either the Bureau of Indian Affairs or the Indian Gaming Commission, Article 3, and the defendant agreed in Article 7.3 to employ its best efforts to secure such approval. The BIA advised the defendant by letter of October 15, 1991 that the agreement met the requirements for approval except for certain background investigations which needed to be completed and a change made in a quit claim deed. Plaintiff asserts that those conditions have been met. Following the most recent tribal election, the newly elected officials, by letter of July 10, 1992, requested that the BIA take no action with regard to the Rita agreement.

Defendants have not brought action in any court to terminate the management agreement, and no claim has been made by the defendants in this case that the Tribe has any cause for doing so, other than the lack of BIA approval.

## TEMPORARY RESTRAINING ORDER

Plaintiff alleges in its complaint that defendants have breached a covenant of good faith and fair dealing, and seeks specific performance of the Management Agreement and a declaration of the rights of the parties. Plaintiff also seeks a permanent injunction against the defendants to prevent any interference with plaintiff's management of the casino, and money damages.

Plaintiff seeks a temporary restraining order and temporary injunction to prevent the defendants from interfering with or impeding plaintiff's management of the Royal River Casino.

## DECISION

■ The Management Agreement between the parties has not been approved by the BIA pursuant to 25 U.S.C. § 81 or by the Chairman of the Indian Gaming Commission pursuant to 25 U.S.C. § 2711. Plaintiff seeks to avoid that requirement by asserting that the agreement has been conditionally approved and is therefor enforceable. I conclude that this proposition does not carry with it a sufficient probability of success to justify either a temporary restraining order or temporary injunction. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir.1981).

■ On the other hand, the defendant has accepted $825,000 from plaintiff and has induced the plaintiff to invest in excess of $3,000,000 in the casino. Plaintiff clearly has some rights in the operation and its assets which the defendants cannot simply appropriate for their own use regardless of the enforceability of the agreement. *See, e.g. Rubenstein v. Dr. Pepper Co.*, 228 F.2d 528, 536 (8th Cir.1955) (Party not allowed to seek relief when "he affirms and retains the benefits of his contract and only seeks to disaffirm and avoid its obligations."); *see also* Restatement, Second, Contracts § 384; and 17A Am.Jur.2d, Contracts § 590 (1991) (citing cases). Furthermore, both parties are bound by the implied covenant of good faith and fair dealing which is present in every contract. *Bain v. Champlin Petroleum*, 692 F.2d 43, 47 (8th Cir.1982); *Hanson v. Farmers Coop Creamery*, 403 F.2d 65, 69 (8th Cir.1968); *see also* Restatement, Second, Contracts § 205. In this action the parties have included within the contract express terms dealing with good faith. Agreement Articles 7, 7.1(a), (c), and 24.

Applying the *Dataphase* analysis and requirements, I conclude that the plaintiff would be entitled to some relief if the Tribe seeks to exclude it from the casino, but it is not entitled to the temporary restraining order it seeks.

I conclude that both the Management Agreement and the nature of the gaming business require cooperation of both the plaintiff and the Tribe, and that this Court lacks gaming expertise to try to substitute its judgment on management matters for that of either the plaintiff or the Tribe. The casino is located on tribal land and obviously handles large sums of cash and large losses could be incurred if either party undertakes to act to the detriment of the other party.

Although neither party seeks to have the casino closed during the pendency of this litigation, this may become the only practical method of preserving the assets of the parties in the absence of some mutually arrived at agreement.

## CONCLUSION

All parties raise serious legal issues relating to Indian gaming which are questions of first impression. The Court will address those issues with finality only after they are fully litigated and briefed by the parties. If it remains the position of the defendants that the Management Agreement between the parties is either void or voidable, they should either bring some independent action or make a counterclaim in this action to have the issue judicially determined. Because defendant Tribe has induced the plaintiff to make a large investment on the strength of the agreement, defendants cannot unilaterally engage in self-help and simply kick the plaintiff off the reservation empty-handed.

On the other hand, the Court will not grant the temporary restraining order requested by plaintiff, for the reasons previously stated.

## ORDER

Upon the record herein,

IT IS ORDERED:

(1) That the Motion to Intervene, Doc. 16, made by Duane Ross, et al., is denied.

(2) That the Motion to Dismiss made by the defendants involves matters outside the pleading presented by all parties, and must be treated as a motion for summary judgment, and that all parties will be given a reasonable opportunity to present all material made pertinent to this motion by Rule 56.

(3) That the plaintiff's Motion for Temporary Restraining Order, Doc. 14, is denied.

(4) That trial of the plaintiff's request for a preliminary injunction will be combined with the trial of this action and will be considered at the same time as the request for a permanent injunction.

Dated this 4th day of September, 1992.